State ex rel. Nolan *vs.* Jumel.

## No. 7436.

## No. 7427.

### THE STATE EX REL. CHAS. NOLAN VS. A. JUMEL, AUDITOR.

One bringing a suit upon a contract cannot claim contrary to its stipulations.

Although the law, under which levee-building-contracts were made, did not require the State officers to impose certain onerous conditions, yet if the contractor submitted to them and assumed the obligations, and fettered himself by the provisions of them, he cannot complain, nor can he recover in repugnancy to them.

APPEAL from the Fourth District Court of New Orleans. HOUSTON, J.

*M'Caleb* for Relator Appellant. The Attorney-General for the Respondent.

Randolph vs. Wood & Bro.

Nolan contracted with the State to do certain levee-work in Plaquemine Parish. His contract contained the provision that he was to be paid solely and exclusively out of such portion of the three-fifths of the levee construction tax payable in 1878 as will remain after the payment of all the outstanding claims for work under contract of the Board of Engineers of date prior to his contract, and he expressly took upon himself the risk of there being any such balance. Another stipulation was that no warrant for his work was to be signed until all the warrants for existing contracts had been paid. He completed his work, and obtained the proper certificates, each of which contained this last proviso about postponement of payment. Upon presentation of them to the Auditor, he refused to warrant for the sums due the contractor, and this *mandamus* was resorted to. The proof was that $136,211.62 of outstanding warrants for work, having precedence of his, were unpaid.

MARR, J. The relator bases his suit upon the contract and the certificates. He sets up no other. He cannot claim under a contract, and against the terms and stipulations of that contract. If it were true that the officers representing the State were not required by law to impose the conditions incorporated in these contracts, their power to do so cannot be questioned by the contractor who specially consented to them. He was *sui juris*, and might have contracted to do the work for a nominal price, or to rely upon the future appropriations by the Legistature.

*Judgment affirmed.*